**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

John Doe

    v.                                Civil No. 18-cv-40-LM
                                           Opinion No. 2018 DNH 090

Trustees of Dartmouth College

**O R D E R**

Before the court is plaintiff John Doe's motion to strike (doc. no. 16), in which he asks the court to strike two exhibits attached to the motion to dismiss filed by defendant Trustees of Dartmouth College ("Dartmouth"). The first, Exhibit A, is a 532-page investigative report created as part of the underlying disciplinary proceedings. The second, Exhibit E, is a two-page summary of the disciplinary investigator's findings. Plaintiff argues that it would be inappropriate for the court to consider the exhibits given the procedural posture of a Rule 12(b)(6) motion to dismiss. Dartmouth objects and asserts that the court may consider the documents because they are referenced in and central to plaintiff's complaint. For the following reasons, plaintiff's motion is granted.

It is well-established that on a motion to dismiss, a court may not normally "consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alternative

Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). Instead, "a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." Id.

In submitting these exhibits, Dartmouth attempts to rely on the narrow exception to this rule "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; [and] for documents sufficiently referred to in the complaint." Id. That is, "[w]hen the complaint relies upon a document, whose authenticity is not challenged, such a document merges into the pleadings and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." Id. (internal quotation marks omitted). The exception is often invoked in cases where the parties' dispute is premised on a particular contract or agreement. See, e.g., Beddall v. State Street Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) (trust agreement); Julius v. Wells Fargo Bank, N.A., No. 16-cv-516-JL, 2017 WL 1592379, at *2 n.5 (D.N.H. Apr. 28, 2017) (mortgage agreement and note). In such cases, "the court's inquiry into the viability of [the] allegations should not be hamstrung simply because the plaintiff fails to append to the complaint the very document upon which by her own admission the allegations rest." Beddall, 137 F.3d at 17.

2

This is not such a case, however.  Dartmouth does not submit these exhibits merely to, for example, clarify the content of a particular document that plaintiff references in his complaint.  See, e.g., id. at 16-17.  Rather, Dartmouth uses the exhibits to challenge or supplement plaintiff's allegations, see doc. no. 14-1 at 2, 5, 11, and it submits the full investigative report to demonstrate the "thoroughness of the investigation, the investigator's detailed findings, and the substantial evidence on which those findings were based."  Doc. no. 23 at 6.  Put simply, "[t]his is clearly impermissible." Douglass v. Penn Hills Borough, No. 07-685, 2007 WL 2907891, at *4 (W.D. Pa. Oct. 2, 2007) (in excessive-force suit, declining to consider police investigation reports in order to "contradict the allegations of the" complaint); accord Doe v. Case W. Reserve Univ., No. 1:17CV414, 2017 WL 3840418, at *5 n.5 (N.D. Ohio Sept. 1, 2017) (in suit challenging university disciplinary process, declining to consider documents filed by university to prove that it complied with its sexual misconduct policy and to contradict the plaintiff's allegations).

Therefore, plaintiff is entitled to the requested relief, and the court will not consider the two exhibits, or any argument based on such exhibits, in analyzing Dartmouth's motion to dismiss.  See Alternative Energy, Inc., 267 F.3d at 33.

**CONCLUSION**

Accordingly, plaintiff's motion to strike (doc. no. 16) is granted.  The Clerk is directed to remove Exhibit A (doc. no. 14-2) and Exhibit E (doc. no. 14-6) from the docket.  Plaintiff shall file his objection to the motion to dismiss within 14 days from the issuance of this order.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 2, 2018

cc:   Counsel of Record

4